[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-13535

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARTERRENCE Q. HOLLOWAY,
a.k.a. Quat,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:12-cr-00384-WFJ-EJ-1

_____

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Marterrence Holloway appeals his 24-month sentence of imprisonment imposed upon revocation of his supervised release, which was an upward variance from the guideline range of 8 to 14 months. He argues that the district court committed procedural error in sentencing him because it failed to (1) consider relevant sentencing factors and (2) adequately justify the upward variance.[1] He asserts that his sentence is substantively unreasonable because the court gave improper weight to aggravating factors, such as his current crimes and past criminal history, over mitigating ones, such as his family circumstances. We conclude that the district court committed no procedural error and that its sentence was substantively reasonable. Accordingly, we affirm.

"We review the sentence imposed by the district court upon the revocation of supervised release for reasonableness" under a deferential abuse-of-discretion standard—regardless of whether the sentence is within the Guidelines range. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (quotation marks omitted and alteration adopted); *Gall v. United States*, 552 U.S. 38, 41 (2007) (noting the deferential nature of this standard, regardless of if the

_____

[1] Holloway frames the issues solely in terms of substantive reasonableness. However, we address this portion of his argument as a contention that the district court committed procedural error.

sentence is within the guideline range). The district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in [§] 3553(a)." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotation marks omitted and alteration adopted).

However, we review those sentencing issues raised for the first time on appeal only for plain error. *Vandergrift*, 754 F.3d at 1307 (reviewing the procedural reasonableness of defendant's sentence for plain error when he failed to object at his sentencing hearing). To show plain error, a party "must demonstrate (1) that the district court erred; (2) that the error was plain; and (3) that the error affected his substantial rights." *Id.* (quotation marks omitted and alteration adopted).

Under 18 U.S.C. § 3583(e), a district court may, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the underlying offense that resulted in the term of supervised release. 18 U.S.C. § 3583(e)(3). While courts are guided by the

§ 3553(a) factors, they are not required to discuss each factor or explicitly state that each factor was considered. *Amedeo*, 487 F.3d at 832. Rather, the court's acknowledgement that it considered the § 3553(a) factors is sufficient. *Id.* Additionally, failure to discuss mitigating evidence does not indicate that the court "erroneously ignored or failed to consider this evidence." *Id.* at 833 (quotation marks omitted).

The court's explanation of a deviation from the Guidelines range must be "sufficiently compelling to support the degree of the variance"—so, for instance, "a major [variance] should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50. The Guidelines list three categories of supervised-release violations. *See* U.S.S.G. § 7B1.1(a) (2013). Grade A violations are the most serious and entail offenses that are punishable by more than 20 years' imprisonment or other particularly serious crimes. *Id.* § 7B1.1(a)(1); *see also id.*, Ch. 7, Pt. A, intro. comment 4 (noting that the classifications range from "serious" to "less serious violations"). Grade B violations are those offenses that are punishable by a term of imprisonment of more than one year, and Grade C violations are any violations not categorized as Grade A or B. *Id.* § 7B1.1(a)(2)–(3).

In reviewing for substantive reasonableness, we must consider the totality of the circumstances, including the extent of any variance from the guideline range. *Gall*, 552 U.S. at 51. Under the abuse-of-discretion standard, we will vacate a defendant's sentence only if we "are left with the definite and firm conviction that the

district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.

Here, as an initial matter, Holloway's arguments that the district court failed to consider relevant sentencing factors or provide adequate justification for the variance are properly viewed as procedural, not substantive-reasonableness, challenges. *Gall*, 552 U.S. at 50–51. Holloway failed to object on this basis at his sentencing hearing—to the contrary, he affirmed that he understood the court's reasoning—and thus, we review his claim of procedural error only for plain error. *Vandergrift*, 754 F.3d at 1307. In any event, for the reasons below, his arguments lack merit under any standard of review.

Turning to said merits, the district court did not fail to consider relevant sentencing factors. First, the district court was not required to discuss each factor or state that each factor was considered. *Amedeo*, 487 F.3d at 832. Nevertheless, the court's explicit reference to two sentencing factors—deterrence and protection of the public—was sufficient, as it acknowledged consideration of the factors. *Amedeo*, 487 F.3d at 832. Further, the district court's emphasis on Holloway's continuing violations of the conditions of his supervision, as well as his significant criminal history, shows meaningful consideration of relevant sentencing factors. 18 U.S.C. § 3553(a)(5)(A) (requiring consideration of pertinent Sentencing Commission policy statements); U.S.S.G. Ch. 7, Pt. A, intro.

comment 3(b).  The district court's failure to explicitly reference Holloway's mitigating arguments based on his family circumstances does not indicate that the court "erroneously ignored or failed to consider this evidence." *Amedeo*, 487 F.3d at 833.  And, as discussed below, the court acted within its discretion in affording great weight to the aggravating factors that it did emphasize.  *See United States v. Williams*, 526 F.3d 1312, 1322–23 (11th Cir. 2008).

Nor did the court fail to give a sufficient justification of Holloway's upward variance such that it (plainly or otherwise) committed procedural error.  Rather, the court expressly stated that an upward variance was appropriate based on Holloway's ongoing violations, his failure to appear and abscondment in general, and his significant criminal history.  This explanation is sufficient in light of Holloway's numerous violations, his abscondment, and his significant criminal history, which included several instances of the same conduct that underlies his instant violations.

Nor, as a final matter, can Holloway demonstrate that the district court abused its discretion by imposing a substantively unreasonable sentence.  In essence, Holloway's substantive-reasonableness arguments target the court's assignment of greater weight to aggravating factors, such as the conduct underlying his violations and his criminal history, rather than mitigating factors, such as his family circumstances.  However, Holloway acknowledges that the court's chosen sentence relied on two factors—the need to deter future criminal conduct and to protect the public.  Even if the court relied on these two factors alone—or even just one of them—

it would not necessarily indicate that his sentence was substantively unreasonable, as the court was entitled to attach great weight to these factors over others. *See Williams*, 526 F.3d at 1322–23.

Holloway's remaining arguments are unpersuasive. To be sure, his instant violations were all only categorized as Grade C. However, it is Holloway's burden to show that his sentence is unreasonable—yet he fails to cite a case that holds (or explain his reasoning as to why) several Grade C violations may not operate together to justify a statutory maximum sentence upon revocation. *Amedeo*, 487 F.3d at 832. Thus, we reject his contention that his sentence was substantively unreasonable in light of his Grade C violations. Similarly, Holloway faults the court for failing to rely on the parties' jointly recommended sentence but fails to cite any authority or elaborate as to why this made his sentence unreasonable. To the contrary, courts are not bound by such recommendations—and thus, Holloway's contention lacks merit. *See United States v. Early*, 686 F.3d 1219, 1221–23 (11th Cir. 2012).

**AFFIRMED.**